T.C. Memo. 2009-100

UNITED STATES TAX COURT

PETER I. AND DARIA A. BASALYK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 572-07, 3712-07.     Filed May 14, 2009.

Peter I. Basalyk, pro se.

<u>Katherine Lee Kosar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  In these consolidated cases[1] respondent determined deficiencies, additions to tax, and accuracy-related penalties with respect to petitioners' Federal income taxes as follows:

---

[1] By order dated June 16, 2008, these cases were consolidated for purposes of trial, briefing, and opinion.

Peter I. and Daria A. Basalyk
docket No. 572-07

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|------------------|------------------|
| 1999 | $24,200 | $4,658.75 | $4,840.00 |
| 2001 | 52,467 | 12,057.57 | 10,460.80 |

Peter I. Basalyk
docket No. 3712-07

| | | | Additions to Tax | |
|------|-----------|------------------|------------------|------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $9,340 | $388.75 | [1] | $245.83 |
| 2003 | 9,354 | -- | -- | 241.15 |
| 2004 | 9,690 | 1,059.50 | [1] | 266.69 |

[1] "The amount of the addition to tax per IRC 6651(a)(2) cannot be determined at this time but an addition to tax of 0.5 percent will be imposed for each month, or fraction thereof, of nonpayment, up to 25 percent, based upon the liability shown, or the final determined liability, if less."

Daria A. Basalyk
docket No. 3712-07

| | | | Additions to Tax | |
|------|-----------|------------------|------------------|------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $11,363 | $1,292.75 | [1] | $149.80 |
| 2003 | 10,629 | 1,129.25 | [1] | 100.45 |
| 2004 | 48,312 | 10,557.25 | [1] | 1,206.15 |

[1] "The amount of the addition to tax per IRC 6651(a)(2) cannot be determined at this time but an addition to tax of 0.5 percent will be imposed for each month, or fraction thereof, of nonpayment, up to 25 percent, based upon the liability shown, or the final determined liability, if less."

For 1999 respondent has conceded that petitioners rolled over a pension distribution of $45,000 and there is no corresponding income recognition, that petitioners are not liable

for the 10-percent additional tax under section 72(t),[2] and that

petitioners have established a net capital loss of $40,000.[3]  For

2001 petitioners have conceded that they must report dividend

income of $638 and respondent has conceded that petitioners

established a net capital loss of $23,490.85.  The parties

further conceded that for tax year 2001 petitioners failed to

include in income a pension distribution of $16,000 and they are

liable under section 72(t) for a 10-percent additional tax of

$1,600.  Petitioners have further conceded that to the extent

there is a deficiency in 1999 or 2001 the additions to tax under

section 6651(a)(1) and the accuracy-related penalties under

section 6662(a) are applicable.  The parties have also agreed

that a computation is necessary to determine whether petitioners

must make statutory adjustments to their itemized deductions and

their exemptions for 1999 and 2001.

The deficiencies for 2002, 2003, and 2004 were determined

using a filing status of married filing separately.  Respondent

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] Before trial petitioners maintained that they had made a valid mark-to-market election under sec. 475.  Respondent disagreed.  During trial, however, petitioners conceded the issue of whether they made a valid mark-to-market election under sec. 475 for the years at issue; petitioner Peter I. Basalyk stated: "I will agree with the Respondent's perspective that I'm not eligible to use the mark-to-market.  * * *  That will take one issue off the table."

has since conceded that petitioners are eligible to use a filing status of married filing jointly.  For 2002, 2003, and 2004 the parties have further resolved any dispute concerning the following issues with respect to the notices of deficiency: Unreported pension income; liability under section 72(t); unemployment compensation; capital gains and losses;[4] wages; dividend income; interest income; and itemized deductions. Petitioners have also conceded that to the extent there is a deficiency in 2002, 2003, or 2004 the additions to tax under sections 6654 and 6651(a)(1) and (2) are applicable.

After concessions the issues for decision are:  (1) Whether petitioners are entitled to depreciation deductions for two residential rental properties claimed on Schedules E, Supplemental Income and Loss, for 1999 and 2001; (2) whether petitioners are entitled to deduct any of the other expenses related to the two residential rental properties claimed on Schedules E for 1999 and 2001; (3) whether petitioners are subject to the limitations on deductibility of individual retirement account (IRA) contributions made by "active participants" in another retirement plan for 2002, 2003, and 2004; (4) whether petitioners are entitled to deduct educator expenses for 2002, 2003, and 2004; (5) whether petitioners are entitled to deduct the value of an automobile allegedly

---

[4] See supra note 3.

contributed to a charitable organization in 2004; and (6) whether the Court should require petitioners to pay a penalty pursuant to section 6673.

FINDINGS OF FACT

Most of the facts have been stipulated and are so found. The stipulations of fact, the stipulations and supplemental stipulations of settled issues, and the attached exhibits are incorporated herein by this reference.

Petitioners are husband and wife. At the time the petitions were filed, petitioners resided in Ohio.

Tax Years 1999 and 2001

Petitioners filed joint Federal income tax returns for 1999 and 2001 which respondent received on October 20, 2003, and October 24, 2005, respectively. During 1999 and 2001 petitioners claim to have owned and operated two residential rental properties: One identified as 9120/9130 Memphis (Memphis property) and the other identified as 1530C Forest Lakes (Forest Lakes property).

Respondent's computer printout of petitioners' 1999 Schedule E shows that petitioners reported $22,980 of total rent received, $29,457 of total expense deductions, and $7,318 of depreciation expenses, which resulted in rent and royalty losses of $13,796 for 1999. Respondent's computer printout of petitioners' 2001 Schedule E shows that petitioners did not report any rent

received, depreciation expense, or other expenses related to the two residential rental properties but claimed a rent and royalty loss of $12,480 for 2001.

On October 4, 2006, respondent issued to petitioners a notice of deficiency for 1999 and 2001. Petitioners subsequently submitted to respondent copies of Schedules E for 1999 and 2001. In contrast with respondent's computer printouts of the Schedules E, petitioners' copies show: Rent received of $22,330 in 1999 and $24,280 in 2001; depreciation expenses of $7,319 each for 1999 and 2001; and $28,341 and $26,836 of other expenses[5] for 1999 and 2001, respectively. On line 26 of petitioners' copies of the Schedules E, however, petitioners did not report any rental real estate income or loss. Petitioners have also submitted a document titled "Depreciation Schedule" in which they claim, inter alia, that the depreciable bases of the Memphis and Forest Lakes properties were $92,480 and $53,880, respectively.

Tax Years 2002, 2003, and 2004

During 2002, 2003, and 2004 petitioner Daria A. Basalyk (Mrs. Basalyk) was an employee of the Brecksville-Broadview Heights Board of Education. Petitioner Peter I. Basalyk (Mr. Basalyk) was an employee of IDS Life Insurance Co.

---

[5] These "other expenses" include expenses claimed for advertising, auto and travel, cleaning and maintenance, commissions, insurance, legal and other professional fees, management fees, mortgage interest, other interest, repairs, supplies, taxes, and utilities.

in 2002 and of American Express Financial in 2003.  In 2002, 2003, and 2004 petitioners each contributed $3,500 to IRAs.

Petitioners failed to file Federal income tax returns for 2002, 2003, and 2004.  Respondent subsequently prepared substitutes for returns for each petitioner for those years.  On November 13, 2006, respondent issued to each petitioner separate notices of deficiency for 2002, 2003, and 2004.

Petitioners filed petitions contesting respondent's determinations wherein they broadly assert that respondent "did not make the appropriate assumptions in calculating tax liability for each of the above years."

On June 4, 2008, the parties executed stipulations and supplemental stipulations of settled issues addressing a number of issues and identifying those that remained in dispute.  During a hearing held that same day, Mr. Basalyk raised additional issues regarding a charitable contribution in 2004 and educator expenses in 2002, 2003, and 2004, none of which were addressed in the notices of deficiency.  The Court, by order dated June 4, 2008, directed petitioners "to produce to respondent's counsel on or before 10:00 a.m. on June 11, 2008, all documents pertaining to the charitable donation of a vehicle, all documents pertaining to teaching expenses for petitioner wife, and completed 1040 forms for the years 2002, 2003, and 2004."  In response petitioners submitted to respondent joint Federal income tax

returns for 2002, 2003, and 2004. On these joint returns petitioners not only claimed deductions for the newly raised issues of educator expenses and a charitable contribution of a vehicle, but also claimed deductions for IRA contributions for 2002, 2003, and 2004. Respondent argues that we should deny the deductions for educator expenses and the charitable contribution for lack of substantiation and that we should find that petitioners' deductions for IRA contributions are subject to the limitations under section 219(g).

Respondent also requested that we impose a penalty under section 6673, asserting that petitioners instituted these proceedings primarily for delay or have unreasonably failed to pursue available administrative remedies.

At the conclusion of the trial, the parties were directed to file opening briefs on or before September 2, 2008. Respondent timely filed his brief. Petitioners did not file a brief despite having been granted additional time to do so.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and deductions are a matter of legislative grace. See Welch v. Helvering, 290 U.S. 111, 115 (1933); see also INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). In accordance with Rule 142(a) and the cases cited

above, a taxpayer generally bears the burden of proving that the Commissioner's determinations are in error and that the taxpayer is entitled to the deductions claimed.[6]

In order for the Secretary to determine whether a taxpayer has correctly reported his income and expenses, the taxpayer is required to keep permanent books, records, statements, and returns sufficient to verify income, deductions or other matters required to be shown on any information or tax return.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Schedules E Depreciation Expense Deductions

Section 167(a) allows a depreciation deduction for the exhaustion, wear and tear of property used in a trade or business or property held for the production of income.  To substantiate a depreciation deduction the taxpayer must show that the property was used in a trade or business (or other profit-oriented activity) and establish the property's depreciable basis by showing the cost of the property, its useful life, and the previously allowable depreciation.  Cluck v. Commissioner, 105 T.C. 324, 337 (1995).

The only evidence petitioners offered to substantiate their claimed depreciation deductions was a depreciation schedule.  Mr.

_____

[6] Sec. 7491(a) provides that the burden of proof may be shifted to the Commissioner where the taxpayers meet certain conditions.  Petitioners have not asserted nor do we find that they have met the requirements necessary to shift the burden of proof to respondent; thus the burden of proof is on petitioners.

Basalyk testified that he had prepared the depreciation schedule approximately 2 weeks before trial. Petitioners assert that the depreciable bases of the Memphis and Forest Lakes properties are $92,480 ($102,480 acquisition price - $10,000 land value) and $53,880 ($59,880 acquisition price - $6,000 land value), respectively.

Even if we assume that petitioners own the Memphis and Forest Lakes properties, they have failed to establish the depreciable basis of either property by corroborating the unsubstantiated figures asserted on the depreciation schedule with credible testimonial or documentary evidence of the cost, the useful life, or the previously allowable depreciation of the properties. See Cluck v. Commissioner, supra at 337.

Accordingly, we hold that petitioners are not entitled to the depreciation deductions for 1999 or 2001.

Schedule E Other Expenses

A taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business if the taxpayer maintains sufficient records to substantiate the expenses. Secs. 162(a), 6001; Deputy v. du Pont, 308 U.S. 488, 495-496 (1940); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Aside from brief self-serving testimony offered by Mr. Basalyk, which we are not required to and do not accept, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), petitioners' only evidence of their claimed Schedule E expenses was a 1999 mortgage interest statement and a 2001 loan statement. Mr. Basalyk testified that the interest and loan statements show the mortgage interest and tax expenses of maintaining the Memphis and Forest Lake properties. Although both documents are addressed to petitioners, each fails to establish whether it relates to the Memphis property, the Forest Lakes property, petitioners' residence, or all three. Accordingly, we hold that petitioners are not entitled to deductions for the expenses they claim to have paid with respect to the Memphis and Forest Lakes properties for tax years 1999 and 2001.[7]

IRA Contribution Deductions

The parties stipulated that petitioners each made contributions of $3,500 to IRAs in 2002, 2003, and 2004. Respondent argues that petitioners have not established that they are not active participants in another retirement plan, and, therefore, they are subject to the limitation on deductibility in accordance with section 219(g).

---

[7] We note that petitioners did not report any information regarding the Memphis and Forest Lakes properties on the 2002, 2003, and 2004 Federal income tax returns that they submitted to respondent in June 2008.

Generally, a taxpayer is entitled to deduct amounts contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The amount allowable as a deduction, however, shall not exceed the lesser of the deductible amount or an amount equal to the compensation includable in the individual's gross income for such taxable year. Sec. 219(b)(1). For 2002, 2003, and 2004 the deductible amount was $3,000. Sec. 219(b)(5)(A). The deductible amount increased by $500 to $3,500 if the taxpayer was age 50 or older before the close of the taxable year. Sec. 219(b)(5)(B).

The only evidence indicating petitioners' ages was respondent's computer printouts of petitioners' 1999 and 2001 joint Federal income tax returns, which show one petitioner's date of birth as October 30, 1948. Although we are unable to ascertain whether both petitioners qualify for the catch-up contribution limit of $3,500 for 2002, 2003, or 2004, at least one of either Mr. or Mrs. Basalyk had attained the age of 50 before 2002.

The deductible amount of IRA contributions is limited, however, where the taxpayer or spouse is an "active participant"[8] in certain pension plans. Section 219(g)(1) provides:

> If (for any part of any plan year ending with or within a taxable year) an individual or the individual's spouse is an active participant, each of the dollar limitations contained in subsections (b)(1)(A) and (c)(1)(A) for such taxable year shall be reduced (but

---

[8] See sec. 219(g)(5) for the definition of an "active participant."

not below zero) by the amount determined under paragraph (2).

Petitioners have adduced no credible testimonial or documentary evidence to establish whether they were active participants in another plan within the meaning of section 219(g) during 2002, 2003, and 2004.  For taxpayers who are "active participants" and file a joint return, the deduction is reduced using a ratio determined by dividing the excess of the taxpayers' modified adjusted gross income[9] (AGI) by the applicable dollar amount (which was $54,000 for 2002, $60,000 for 2003, and $65,000 for 2004) by $10,000.  Sec. 219(g)(3)(B)(i).  Under these circumstances, this provision results in total disallowance of the deduction where the total modified AGI exceeds $64,000 for 2002, $70,000 for 2003, and $75,000 for 2004.  The determination of petitioners' modified AGI is made without regard to the deduction allowable under section 219.  Sec. 219(g)(3)(A).

Accordingly, because it was petitioners' burden to show that they were not active participants but they have failed to do so, we hold that both petitioners are active participants and therefore subject to the limitations on deductibility of their IRA contributions in accordance with section 219(g) for taxpayers filing a joint return.

---

[9] In applying sec. 219(g)(2) and (3), the Court looks to the combined AGI of married taxpayers filing jointly and not the individual spouse's AGI to determine the reduction or elimination of the IRA contribution deduction.  See Ho v. Commissioner, T.C. Memo. 2005-133.

Educator Expenses

Petitioners first broached the issue of educator expenses during a hearing before this Court on June 4, 2008. On line 23 of petitioners' Forms 1040 for 2002, 2003, and 2004, which were first given to respondent on June 11, 2008, they claimed educator expenses of $250. Additionally, petitioners claimed $100, $125, and $100 of educator expenses as itemized deductions on Schedules A for 2002, 2003, and 2004, respectively. Respondent contends that petitioners are not entitled to deductions for educator expenses because they have not substantiated what was purchased, when it was purchased, by and for whom it was purchased, whether Mrs. Basalyk is an eligible educator, whether the school at which she works is an eligible school, and whether the expenses exceed the amount excludable under section 135, 529(c)(1), or 530(d)(2). See sec. 62(d)(2).

Generally, section 62(a)(2) allows as a deduction certain trade and businesses expenses of employees. In the case of elementary and secondary school teachers, section 62(a)(2)(D) provides:

> (D) Certain expenses of elementary and secondary school teachers.--In the case of taxable years beginning during 2002, 2003, or 2004, the deductions allowed by section 162 which consist of expenses, not in excess of $250, paid or incurred by an eligible educator in connection with books, supplies (other than nonathletic supplies for courses of instruction in health or physical education), computer equipment (including related software and services) and other

equipment, and supplementary materials used by the eligible educator in the classroom.

Section 62(d)(1)(A) defines an eligible educator as follows:

(A) In general.--For purposes of subsection (a)(2)(D), the term "eligible educator" means, with respect to any taxable year, an individual who is a kindergarten through grade 12 teacher, instructor, counselor, principal, or aide in a school for at least 900 hours during a school year.

The record is devoid of credible evidence establishing that petitioners are entitled to any educator expense deductions for 2002, 2003, or 2004. Petitioners have neither testified as to what educator expenses they made nor produced receipts or other credible evidence evincing such expenses. We agree with respondent and find that petitioners have failed to substantiate their eligibility for educator expense deductions. Accordingly, we hold that petitioners are not entitled to deductions for educator expenses for 2002, 2003, or 2004 as either "above-the-line" deductions or itemized deductions.

Charitable Contribution Deduction

For 2004 petitioners claim to have donated to the Salvation Army of Cleveland a 1992 Isuzu Trooper LS Sport Utility 4D with a fair market value of $4,950.[10] Petitioners attached a Form 8283, Noncash Charitable Contributions, to their 2004 Federal income

_____

[10] The $4,950 claimed fair market value of the vehicle appears to have been determined by reference to a Kelley Blue Book pricing report provided by petitioners. The report shows the retail value of a "1992 Isuzu Trooper S Sport Utility 4D" was $4,950 in Ohio on Jan. 22, 2005. No other documentation of the vehicle's fair market value was provided.

tax return.  The Form 8283 indicates that petitioners purchased the vehicle on December 4, 1992, for $19,380, and donated it to the Salvation Army of Cleveland on December 28, 2004.  Respondent contends that petitioners have failed to provide a "contemporaneous written acknowledgement from the Salvation Army", and therefore petitioners' claimed deduction should be disallowed.

Section 170(a) generally allows as a deduction any charitable contribution made by a taxpayer within the taxable year.  No deduction is allowed, however, for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by a qualified donee organization.  Sec. 170(f)(8)(A).  The deduction for a contribution of property equals the fair market value of the property on the date contributed.  Sec. 1.170A-1(c)(1), Income Tax Regs.  The fair market value of the property is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts.  Sec. 1.170A-1(c)(2), Income Tax Regs.

A taxpayer claiming a charitable contribution deduction is generally required to maintain for each contribution a receipt from the donee charitable organization showing the name of the organization, the date and location of the contribution, and a

description of the property in detail reasonably sufficient under the circumstances.  Sec. 1.170A-13(b)(1), Income Tax Regs.

Petitioners have neither testified to nor provided documentary evidence of a contemporaneous written acknowledgment of their alleged charitable contribution.  See sec. 170(f)(8)(A).  Accordingly, we hold that petitioners are not entitled to the charitable contribution deduction claimed on their 2004 Federal income tax return.

Section 6673 Penalty

Respondent requests imposition of a penalty pursuant to section 6673.  Section 6673(a)(1)(A) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears to the Court that the taxpayer instituted or maintained proceedings primarily for delay.

Even though we find that petitioners' failure to comply with the standing pretrial order, their lack of preparation for trial, their failure to appear on time for trial, and their failure to submit a posttrial brief[11] exhibit a disinterest in presenting or proving the merits of their case, we also recognize that most of the issues were agreed to before trial.

---

[11] Petitioners submitted to the Court six separate motions requesting additional time to file their posttrial brief.  Despite their requests for additional time and the Court's grant extending the filing deadline from Sept. 2, 2008, to Oct. 17, 2008, petitioners have not filed a posttrial brief.

We will not impose a section 6673 penalty on petitioners in these cases.  However, petitioners are warned that if in the future they conduct themselves in this Court in the same manner, they can anticipate being sanctioned pursuant to section 6673.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.