T.C. Memo. 2005-133

UNITED STATES TAX COURT

GLORIA YUEN-MEE HO AND ALEXANDER CHI-SHUN TSANG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 3242-04, 18499-04.      Filed June 2, 2005.

Gloria Yuen-Mee Ho and Alexander Chi-Shun Tsang, pro sese.

<u>T. Richard Sealy III</u> and <u>Kelli H. Todd</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  In these consolidated cases, respondent determined deficiencies of $650 and $1,405 in petitioners' Federal income taxes for 2001 and 2002, respectively, that were attributable to respondent's disallowance of petitioner Alexander Chi-Shun Tsang's (petitioner) Individual Retirement Account (IRA) contribution deduction in both years.  After concessions by the

parties, the issue for decision is whether petitioners are entitled to claim a deduction for petitioner's IRA contributions in 2001. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

These cases were submitted fully stipulated under Rule 122. The stipulated facts are incorporated as our findings by this reference. Petitioners resided in Cibolo, Texas, at the time that they filed their petitions.

Petitioners timely filed joint Federal income tax returns for 2001 and 2002. During 2001 and 2002, petitioner was an active participant in a section 403(b) employer-sponsored retirement plan through his employment with the University of Texas Medical Branch. Petitioner claimed IRA contribution deductions of $2,000 and $3,000 in 2001 and 2002, respectively. As reported on petitioners' joint income tax returns for 2001 and 2002, petitioners' modified adjusted gross income (AGI) was $114,193.66 in 2001 and $124,304.43 in 2002. (We use the term "modified AGI" to mean AGI computed without regard to any deduction for an IRA contribution.) In 2001, petitioner's reported earnings were $61,256.27, his spouse's reported earnings were $52,000.08, and they reported interest income of $937.31.

On November 24, 2003, the Internal Revenue Service (IRS) mailed to petitioners a notice of deficiency disallowing petitioner's $2,000 deduction for his IRA contribution in 2001. On June 28, 2004, the IRS mailed to petitioners a notice of deficiency disallowing petitioner's $3,000 deduction for his IRA contribution in 2002. Petitioners have conceded the issue for 2002.

## Discussion

With certain limitations, a taxpayer is entitled to deduct the amounts that the taxpayer contributes to an IRA. See sec. 219(a). The deduction, however, may not exceed the lesser of (1) $2,000 or (2) an amount equal to the compensation includable in the taxpayer's gross income. See sec. 219(b)(1).

If, for any part of a taxable year, a taxpayer or the taxpayer's spouse is an "active participant" in a qualified plan under section 403(b), the amount of the deduction allowed under section 219(a) for that year may be further limited. See sec. 219(g)(1), (5)(A)(iv). In the case of a married taxpayer who files a joint income tax return, the $2,000 limitation of section 219(b)(1) is reduced using a ratio determined by dividing the excess of the taxpayer's modified AGI over the applicable dollar amount, which is $53,000 for 2001, by $10,000. See sec. 219(g)(2)(A), (3)(B)(i). Because this case deals with a taxpayer who was an active participant and who was married and filed a

joint return for 2001 on which the modified AGI exceeded $63,000, the application of section 219(g)(2) and (3) results in a total disallowance of the IRA contribution deduction. See Felber v. Commissioner, T.C. Memo. 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993); see also Wade v. Commissioner, T.C. Memo. 2001-114.

Petitioners contend that because section 219(g)(2)(A)(i) refers to the AGI of the taxpayer in the singular form, the "literal reading" of section 219 requires the IRS to consider only the individual spouse's AGI in determining the reduction or elimination of an IRA contribution deduction. Petitioners argue, therefore, that, because petitioner had less than $63,000 of income in 2001, the $2,000 IRA contribution deduction should be allowed. Petitioners' argument overlooks the structure of section 219(g)(3)(B), which prescribes two tables for the applicable dollar amounts to be used in determining the reduction or elimination of a contribution deduction. Because taxpayers who file jointly are entitled to a higher ceiling for their AGI, see sec. 219(g)(3)(B)(i), the necessary implication is that the AGI to be used in the calculation is that of both spouses. In applying section 219(g)(2) and (3), the Court has looked to the combined AGI of married taxpayers filing jointly and not to an individual spouse's AGI to determine the reduction or elimination of the IRA contribution deduction. See, e.g, Felber v.

Commissioner, supra; see also Wade v. Commissioner, supra; Freese v. Commissioner, T.C. Memo. 1996-224.

Petitioners reported a modified AGI of $114,193.66 on their 2001 joint income tax return. Therefore, petitioners are not entitled to claim a deduction for petitioner's IRA contribution in 2001 because petitioner was an active participant in an employer-sponsored retirement plan during that year and because petitioners' modified AGI exceeded the $63,000 threshold set for that year.

Petitioners request in their brief that the Court "dismiss the interest penalties assessed by the IRS on both tax years, as it significantly delayed notification of its findings". As a general rule, this Court does not have jurisdiction over matters involving interest. Perkins v. Commissioner, 92 T.C. 749, 752 (1989). None of the exceptions to this rule apply in these cases. See, e.g., sec. 7481(c); see also sec. 6404(h).

We have considered all of the remaining arguments that have been made by petitioners for a result contrary to that expressed herein, and, to the extent not discussed above, they are either without merit or irrelevant to our decision.

To reflect the foregoing,

Decisions will be entered

for respondent.