T.C. Summary Opinion 2006-134

UNITED STATES TAX COURT

WILLIAM H. AND SANDRA G. FLANK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11503-05S.           Filed August 29, 2006.

William H. and Sandra G. Flank, pro sese.

<u>Michelle L. Maniscalco</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code as in effect at the time the petition was filed.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision

to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2002 a deficiency in petitioners' Federal income tax of $1,360. After a concession,[1] the issues for decision are: (1) Whether petitioners are entitled to claim a deduction for contributions made to an individual retirement account (IRA), (2) whether a portion of the IRA distribution that petitioner William H. Flank (petitioner) received in 2002 was taxed twice, and (3) whether respondent made computational errors in determining petitioners' tax liability.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Chappaqua, New York. Petitioner Sandra G. Flank (Mrs. Flank) neither executed the stipulation of facts nor appeared at trial. Respondent has filed with the Court a motion to dismiss for lack of prosecution as to Mrs. Flank. Respondent's motion will be granted. The decision, when entered, will be in the same amount as ultimately determined against petitioner.

Both petitioner and Mrs. Flank were employed by Pace University in 2002. During 2002, Mrs. Flank was an active

---

[1]Respondent concedes an adjustment of $206 to petitioners' return for claimed securities losses.

participant in an employer-sponsored retirement plan through her employment with Pace University.

In May of 2002, petitioner contributed $3,500 into an existing "classic" IRA with Teachers Insurance and Annuity Association - College Retirement Equities Fund (TIAA-CREF). In December of 2002, petitioner elected to convert his classic IRA into a Roth IRA. As a result, petitioner received a distribution of $10,487.86 (distribution) from the classic IRA which he deposited into a Roth IRA with TIAA-CREF.

Petitioners received from TIAA-CREF a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2002, indicating that the distribution resulted in a taxable amount of $10,487.86. Petitioners included that amount as income on their return.

Petitioners also received for 2002 a Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., from Oxford Residential Properties, LLP, which showed that petitioners had interest income of $6.28 and real estate income of $130.68 from the partnership. Petitioners did not include these income items on their return.

Petitioners jointly filed for 2002 a Form 1040, U.S. Individual Income Tax Return. Petitioners reported adjusted gross income (AGI) of $161,328.15 and claimed an IRA contribution deduction of $3,500.

Respondent subsequently issued to petitioners a statutory notice of deficiency for 2002 disallowing the IRA contribution deduction of $3,500. In addition, respondent determined adjustments for interest and real estate income from a partnership,[2] and other computational adjustments to the return.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[3] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

## IRA Contribution Deduction

Tax deductions are a matter of legislative grace with the taxpayer bearing the burden of proving entitlement to the

---

[2]In the petition, petitioners did not raise any issues regarding the interest and the real estate income reported on Schedule K-1. Therefore, petitioners are deemed to have conceded them. Rule 34(b)(4); see Funk v. Commissioner, 123 T.C. 213, 215 (2004).

[3]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

deductions claimed.  Rule 142(a)(1); <u>INDOPCO, Inc. v.</u>
<u>Commissioner</u>, 503 U.S. 79, 84 (1992).

With certain limitations, a taxpayer is entitled to deduct
the amounts contributed to an IRA.  Sec. 219(a).  The deduction,
however, may not exceed the lesser of (1) the deductible amount
or (2) an amount equal to the compensation includable in the
taxpayer's gross income for such taxable year.  Sec. 219(b)(1).
For 2002, the deductible amount is $3,000.  Sec. 219(b)(5)(A).
The deductible amount is increased to $3,500 if the taxpayer was
50 or older before the close of the taxable year.  Sec.
219(b)(5)(B).

If, for any part of a taxable year, the taxpayer or the
taxpayer's spouse is an "active participant" in a qualified plan
under section 403(b), the amount of the deduction allowed under
section 219(a) for that year may be further limited.  Sec.
219(g)(1), (5)(A)(iv).  In the case of a married taxpayer who
filed a joint income tax return, the deductible amount is reduced
using a ratio determined by dividing the excess of the modified
AGI[4] over the applicable dollar amount by $10,000.  Sec.
219(g)(2)(A).  The applicable dollar amount was $54,000 in 2002.

---

[4]For purposes of sec. 219(g), modified AGI refers to AGI
that is computed without regard to any deduction for an IRA.
Sec. 219(g)(3)(A).  Moreover, in applying sec. 219(g)(2) and (3),
the Court looks to the combined AGI of married taxpayers filing
jointly and not to an individual spouse's AGI to determine the
reduction or elimination of the IRA contribution deduction.  See
<u>Ho v. Commissioner</u>, T.C. Memo. 2005-133.

Sec. 219(g)(3)(B)(i). In other words, the taxpayer's IRA contribution deduction starts to phase out when the modified AGI is $54,000, and the deduction is completely phased out when the modified AGI exceeds $64,000.

If the limitation on deductions for IRA contributions under section 219(g) applies to a taxpayer solely because his spouse was an active participant, the applicable dollar amount is $150,000. Sec. 219(g)(7). This means that the taxpayer's IRA contribution deduction starts to phase out when the modified AGI is $150,000, and the deduction is completely phased out when the modified AGI exceeds $160,000. See sec. 219(g)(2)(A).

Petitioners' modified AGI is $164,828.15 ($161,328.15 + $3,500). Petitioners are not allowed to claim an IRA contribution deduction for 2002, because Mrs. Flank was an active participant and the modified AGI exceeded $160,000.

Whether a Portion of the 2002 Distribution Was Taxed Twice

Petitioner asserts that $3,500 of the distribution that he received in December of 2002 represents the amount of the IRA contribution that he made earlier in the same year. He argues that he is taxed on the $3,500 as a result of the distribution in December of 2002 and that he will be taxed on the same $3,500 as a result of respondent's disallowing the IRA contribution deduction claimed on his 2002 return.

Generally, any amount "paid or distributed out of" an IRA is includable in gross income by the taxpayer in the manner provided under section 72. Sec. 408(d)(1). Pursuant to section 408(d)(4), this general rule does not apply to the distribution of any contribution paid during a taxable year to an IRA if:

> (A) such distribution is received on or before the day prescribed by law (including extensions of time) for filing such individual's return for such taxable year,

> (B) no deduction is allowed under section 219 with respect to such contribution, and

> (C) such distribution is accompanied by the amount of net income attributable to such contribution.

In May of 2002, petitioner contributed $3,500 into a classic IRA. In December of 2002, petitioner received a distribution of $10,487.86 from the classic IRA, which included the $3,500 IRA contribution that he made in May of 2002 plus any net income attributable to the contribution. Petitioner is not allowed an IRA contribution deduction under section 219 because petitioners' modified AGI exceeded the phaseout amount.

The Court finds that $3,500 of the distribution meets all of the requirements under section 408(d)(4). Accordingly, $3,500 of the distribution is not includable in gross income.

Computation of Petitioners' Tax Liability

Petitioner also argues that respondent has rounded up or rounded down the amounts for the proposed adjustments to the return to prejudicially favor the IRS. While this argument has

no bearing on the legal issues raised in this case, the Court will nevertheless address this briefly.

In general, with respect to any amount required to be shown on a form prescribed for any internal revenue return, statement, or other document, the fractional part of a dollar is disregarded unless it amounts to one-half dollar or more, in which case, the amount is increased by $1.  Sec. 6102(a).  For example, $18.49 is rounded to $18; $18.50 is rounded to $19; $18.51 is rounded to $19.  See sec. 301.6102-1(a), Proced. & Admin. Regs.  Rounding does not apply to items which must be taken into account in computing the amount that must be reported on a return, statement, or other documents.  Sec. 6102(c).  Rounding applies only to the final amount.  Id.

While petitioner does not dispute that respondent has the authority to round amounts that have cents into whole-dollar amounts, he questions whether respondent has consistently and fairly applied these rounding rules.  In support of his contention, petitioner presented a copy of the explanation of proposed changes that was attached to the notice of deficiency. Petitioner asserts that the miscellaneous deduction for the joint return is $1,703.57 but in the explanation, respondent rounded the amount down to $1,703 instead of up to $1,704.  Petitioner further asserts that the joint taxable income is $131,878.41, but in the explanation, respondent rounded the amount up to $131,879

instead of down to $131,878.  Petitioner contends that respondent's inconsistent application of the rounding rules tends to result in a higher tax.

The Court finds that even if petitioner is correct, the difference in each calculation is less than $1, and the impact on petitioners' total tax is negligible.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order will</u>
<u>be issued, and decision will</u>
<u>be entered under Rule 155.</u>