T.C. Summary Opinion 2012-7

UNITED STATES TAX COURT

DOUGLAS M. AND DELANA M. GALLANT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6935-10S.                    Filed January 10, 2012.

Douglas M. and Delana M. Gallant, pro se.

Patrick F. Gallagher, for respondent.

PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated,

subsequent section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,512 with respect to petitioners' Federal income tax for 2007. The sole issue for decision is whether petitioners are entitled to deduct a $5,000 contribution to an individual retirement account (IRA).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Massachusetts.

In 2007 petitioner Douglas M. Gallant was employed by Sun Microsystems and was an active participant in its qualified retirement plan under section 401(a). Douglas M. Gallant contributed $6,983 to this plan in 2007.

In 2007 petitioner Delana M. Gallant (hereinafter petitioner) was employed by Whole Foods Market Group, Inc. (Whole Foods), and was an active participant in its qualified retirement plan under section 401(a). Petitioner contributed $192.87 to this plan in 2007. Petitioner also contributed $5,000 to an IRA in 2007. Petitioners claimed a deduction of $5,000 on the basis of the IRA contribution.

On December 28, 2009, respondent issued a notice of deficiency disallowing petitioners' $5,000 deduction for contributions to petitioner's IRA.[1] Respondent disallowed the deduction for petitioner's contribution to the IRA on the basis that petitioners were active participants in qualified plans and that the phaseout provisions of section 219(g) apply. Respondent further determined that petitioners' modified adjusted gross income (AGI) of $126,578 was greater than the phaseout limitation in section 219(g) and thus petitioners' IRA contribution deduction is reduced to zero.

Petitioners do not dispute the facts, nor do they generally disagree with respondent's determination. Petitioners assert that the law affects them unfairly since the very small IRA contribution allowed to them as active participants results in a much greater disallowance of the IRA contribution deduction and adversely affects their ability to save for retirement.

## Discussion

With certain limitations, a taxpayer is entitled to deduct amounts contributed to an IRA. See sec. 219(a). The deduction, however, may not exceed the lesser of (1) $4,000 (or $5,000 for taxpayers 50 or older) or (2) an amount equal to the compensation includable in the taxpayer's gross income. See sec. 219(b)(1).

---

[1]Respondent also determined omitted interest income of $39 which respondent conceded.

If, for any part of a taxable year, a taxpayer or the taxpayer's spouse is an "active participant" in a qualified plan under section 401(a), the deductible amount for that year may be further limited. See sec. 219(g)(1), (5)(A)(i). The IRA deduction phases out for taxpayers whose modified adjusted gross income exceeds certain thresholds. In the case of a married taxpayer who files a joint Federal income tax return, the $4,000 (or $5,000 for taxpayers 50 or older) limitation of section 219(b)(1) is reduced using a ratio determined by dividing the excess of the taxpayers' modified AGI over the applicable dollar amount, which is $83,000 for 2007, by $20,000. See sec. 219(b)(5)(A) and (B), (g)(2)(A), (3)(B)(i), (8); Rev. Proc. 2006-53, sec. 3.21, 2006-2 C.B. 996, 1002; see also Ho v. Commissioner, T.C. Memo. 2005-133. Each petitioner was an active participant in a retirement plan, was married, and filed a joint Federal income tax return for 2007. The modified adjusted gross income on the joint return exceeded $103,000; therefore the application of section 219(g)(2) and (3) results in the total disallowance of the IRA contribution deduction. See Ho v. Commissioner, supra; see also Wade v. Commissioner, T.C. Memo. 2001-114.

At trial petitioners asserted that respondent had unfairly penalized petitioner because the IRS took into account the adjusted gross income of both petitioners to compute the

allowable IRA deduction.  Section 219(g)(3)(B) prescribes two schedules for the applicable dollar amounts to be used in determining the reduction or elimination of an IRA contribution deduction:  (1) Taxpayers filing a joint return and (2) any other taxpayer (other than a married individual filing a separate return).  Taxpayers who file jointly are entitled to a higher ceiling for their AGI than those who file as single or a head of household, taking into account multiple incomes.  See sec. 219(g)(3)(B); Ho v. Commissioner, supra; Wade v. Commissioner, supra; Felber v. Commissioner, T.C. Memo. 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993).

During the examination petitioners attempted to change petitioner's status as an active participant in a qualified plan. Petitioners submitted an amended return to the IRS reporting the $192.87 employee contribution as income.[2]

If an employee makes "a voluntary or mandatory contribution to * * * [an employer pension plan] such employee is an active participant in the plan for the taxable year in which such contribution is made."  Sec. 1.219-2(e), Income Tax Regs.  Even

---

[2]Although they attempted to revise their position on the submitted amended return, petitioners stipulated that they were each active participants in a qualified plan in 2007. Petitioners did not request nor do we see any reason to accord them relief from the stipulation.  See Rule 91(e); Jasionowski v. Commissioner, 66 T.C. 312, 318 (1976).  The facts in this record clearly lead to the conclusion that petitioner was an active participant in 2007.

de minimis participation is sufficient to render a taxpayer an active participant.  See Wade v. Commissioner, supra (holding that a mandatory contribution amounting to $84.89 was sufficient to constitute active participation even though the taxpayer was unlikely ever to receive benefits under the plan).  A taxpayer who forfeits rights to a balance in a qualified plan does not thereby negate his or her status as an active participant for the year in question.  See Eanes v. Commissioner, 85 T.C. 168 (1985) (stating that a taxpayer who forfeited all rights under his employer's retirement plan when he left after only 3 months was still an active participant in the plan and was not entitled to a deduction).  The determination of whether an individual is an active participant shall be made without regard to whether such an individual's rights under a plan are nonforfeitable.  Sec. 219(g)(5); see Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Eanes v. Commissioner, supra at 170; see also Wade v. Commissioner, supra.

The Court must enforce the laws as written and interpreted.  "While the result to petitioner seems harsh, we cannot ignore the plain language of the statute and, in effect, rewrite this statute to achieve what would appear to be an equitable result."  Eanes v. Commissioner, supra at 171.  Rather, we must apply the language of the relevant provisions, as written.  See Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (courts are

"bound by the language of the statute as it is written");
<u>Badaracco v. Commissioner</u>, 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effect susceptible of improvement.").

<u>Conclusion</u>

Petitioners were each an active participant in a qualified retirement plan and as such are subject to the limitations set forth in section 219.  Respondent's determination on this issue is sustained.

To reflect the foregoing,[3]

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[3]Although we hold for respondent on the issue before us, we leave it to the parties to compute the deficiency under Rule 155 because of respondent's concession regarding interest income.