T.C. Summary Opinion 2012-9

UNITED STATES TAX COURT

KANGSHENG ZHU AND LANPING ZHANG, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25570-10S.                    Filed January 26, 2012.

Kangsheng Zhu and Lanping Zhang, pro sese.

Lowell D. Thomas, for respondent.

SUMMARY OPINION

DAWSON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' Federal income tax of $1,625 for 2008.

After concessions,[2] the only issue we must decide is whether to sustain respondent's disallowance of $4,000 of petitioners' claimed deduction for contributions to Lanping Zhang's traditional individual retirement account (IRA) for 2008.

---

[1]Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.

[2]Petitioners conceded that they paid only a total of $10,000 rather than $11,000 into their respective individual retirement accounts for 2008.  They also conceded that they did not report a Virginia State income tax refund of $1,012 received in that year and a claimed mortgage insurance premium deduction of $411.

Background

All the facts have been stipulated by the parties and are so found.  Petitioners are husband and wife who resided in Virginia when their petition was filed.

Although petitioners' full names are Kangsheng Zhu and Lanping Zhang, they are hereinafter referred to as Zhu and Zhang, respectively.  Both petitioners reached age 51 in 2008.

Zhu was employed by Enterprise Business Solutions (EBS).  He received $80,965.84 in wages from EBS in 2008.  He was not covered by a qualified pension plan at EBS.  His wife Zhang was employed by Nordstrom, Inc. (Nordstrom).  She received wages of $30,073.33 from Nordstrom during 2008.  Zhang was an active participant in Nordstrom's qualified pension plan.

Zhu received a 2008 Form 5498, IRA Contribution Information, from Ameritrade showing traditional IRA contributions of $6,000.  Zhang received a 2008 Form 5498 from Ameritrade showing traditional IRA contributions of $4,000.

On their jointly filed Federal income tax return for 2008 petitioners reported adjusted gross income of $104,034.  To arrive at this figure, petitioners claimed three "above the line" deductions:  $122 for a penalty on an early withdrawal of

savings, $6,000 for alimony paid, and $11,000 for IRA contributions.   In the notice of deficiency respondent disallowed $5,000 of petitioners' claimed IRA contribution deduction.  Respondent allowed Zhu a $6,000 IRA contribution deduction because he was not covered by a qualified pension plan at EBS, he was over age 50, and the couple's modified adjusted gross income (AGI) was less than $159,000.  However, respondent disallowed all of the $4,000 IRA contribution deduction attributable to Zhang's IRA because she was an active participant in a qualified pension plan and because the couple's modified AGI exceeded the phaseout ceiling amount for 2008.

## Discussion

With certain limitations, a taxpayer is entitled to deduct amounts that the taxpayer contributes to an IRA.  See sec. 219(a).  However, the deduction for an individual who has attained the age of 50 may not exceed the lesser of (1) the deductible amount[3] or (2) an amount equal to the compensation includable in the taxpayer's gross income.  See sec. 219(b)(1), (5)(A) and (B).

---

[3]Subject to certain limitations for 2008, $5,000 was generally the largest allowable deductible amount for contributions to an IRA.  Sec. 219(b)(5)(A).  An additional $1,000 IRA contribution deduction was available as a "catch-up contribution" for individuals 50 or older.  Sec. 219(b)(5)(B)(ii).

The deductible amount allowed under section 219(a) and (b) may be further limited if a taxpayer or the taxpayer's spouse is an "active participant" in a qualified pension plan during any part of the year. Sec. 219(g)(1); sec. 1.219-2(a), Income Tax Regs. For taxpayers who file their Federal income tax returns as married filing jointly, section 219(g) provides that the dollar amount of the allowable deduction under section 219(a) is phased out over a $20,000 range of AGI beginning at the applicable dollar amount. For this purpose, section 219(g)(3)(A)(ii) provides, in part, that the individual's AGI is determined without regard to the IRA deduction under section 219.

For the tax year 2008 the applicable dollar amount for Zhang, who was an active participant in Nordstrom's qualified pension plan and who filed her return as married filing jointly with her husband Zhu, was $85,000 and completely phased out at $105,000 because her modified AGI under section 219 exceeded that amount. See Rev. Proc. 2007-66, sec. 3.22, 2007-2 C.B. 970, 975.

In applying section 219(g)(2) and (3), the Court looks to the combined AGI of married taxpayers filing jointly and not to an individual spouse's AGI to determine the reduction or elimination of the IRA contribution deduction. Ho v. Commissioner, T.C. Memo. 2005-133. Thus, with respect to petitioners' modified AGI, the computation begins with the total amount of income, $121,256, that

petitioners reported on their 2008 joint Federal income tax return. With the inclusion of the omitted Virginia State income tax refund of $1,012, their total income was $122,268. After reductions for the $122 penalty paid and the $6,000 for alimony paid, petitioners' modified AGI was $116,146.[4] Consequently, because petitioners' modified AGI exceeds the phaseout ceiling of $105,000, petitioners are not entitled to deduct any of the $4,000 of contributions to Zhang's IRA for 2008.

We note that petitioners erred in claiming their IRA contribution deduction for Zhang by mistakenly applying the computation instructions in Table 1-3 (page 16) rather than Table 1-2 (page 15) of Internal Revenue Service Publication 590, Individual Retirement Arrangements (IRAs), dated January 30, 2009, for 2008 income tax returns. Table 1-2 shows the effect of modified AGI on an IRA deduction for an individual covered by a retirement plan at work.

In summary, Zhang's filing status was married filing jointly, and her modified AGI was more than $105,000. Thus she is not entitled to an IRA deduction for 2008. Accordingly, the Court sustains respondent's determination that the application of section 219(g)(2) and (3) results in the total disallowance of

---

[4]The determination of petitioners' modified AGI is made without regard to the IRA deduction allowable under sec. 219. See sec. 219(g)(3)(A).

petitioners' claimed IRA contribution deduction of $5,000, consisting of Zhang's claimed $4,000 IRA contribution deduction and the deduction for a $1,000 contribution for Zhang that petitioners never made.

To reflect the foregoing and petitioners' concessions,

<u>Decision will be entered</u>

<u>for respondent</u>.