T.C. Summary Opinion 2012-11

UNITED STATES TAX COURT

TAO XU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23180-10S.                    Filed January 31, 2012.

Tao Xu, pro se.

<u>Susan S. Hu</u> and <u>Adam P. Sweet</u>, for respondent.

SUMMARY OPINION

DAWSON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

We refer to petitioner Tao Xu as Xu.  As of the end of 2008, Xu was married to Quanli Cai, whom we refer to as Cai.

Respondent determined a deficiency of $1,525 in Xu and Cai's joint Federal income tax for 2008.

The only issue for decision is whether Xu and Cai are entitled to a deduction of $5,000 for a contribution Xu made into his traditional individual retirement account (IRA) for 2008.

<u>Background</u>

All the facts have been stipulated and are so found.  Xu resided in Maryland when his petition was filed.

---

[1]Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.

During 2008 Xu was an active participant in a retirement plan maintained by his employer. Xu also timely contributed $5,000 to his IRA account for 2008.

Xu and Cai jointly filed a Form 1040, U.S. Individual Income Tax Return, for 2008. Relevant here, they reported adjusted gross income (AGI) of $114,548, claimed miscellaneous itemized deductions of $14,934, and claimed a child tax credit of $1,750. To arrive at their AGI, the couple claimed two "above the line" deductions: a $66 deduction for a penalty on early withdrawal of savings, and a $5,000 deduction for the $5,000 contribution to Xu's IRA.

In the notice of deficiency respondent disallowed the $5,000 IRA contribution deduction because the couple's modified AGI exceeded a ceiling for individuals who also participated in a retirement plan at work. Respondent's disallowance of the IRA contribution deduction caused computational adjustments to the couple's miscellaneous itemized deductions because of the deduction's reduction for 2 percent of AGI under section 67 and caused a computational adjustment to the couple's child tax credit, which under section 24(b) had a limitation hinging on modified AGI.

Xu does not dispute the accuracy of respondent's computational adjustments. Xu contends instead that Cai and he, for the reasons described

below, are entitled to the $5,000 IRA contribution deduction and therefore the computational adjustments are unwarranted.

## Discussion

With certain limitations, a taxpayer is entitled to deduct amounts that the taxpayer contributes to an IRA for the taxable year. See sec. 219(a). The deduction, however, may not exceed the lesser of (1) the deductible amount[2] or (2) an amount equal to the compensation includable in the taxpayer's gross income for such taxable year. Sec. 219(b)(1), (5)(A) and (B).

The deductible amount allowed under section 219(a) may be further limited if a taxpayer or the taxpayer's spouse is an "active participant" in a qualified pension plan during any part of the year. Sec. 219(g)(1), (5). For taxpayers who file their income tax returns as married filing jointly, section 219(g) provides that the dollar amount of the allowable deduction under section 219(a) is phased out over a $20,000 range of AGI beginning at the applicable dollar amount. For this purpose, section 219(g)(3)(A)(ii) provides, in part, that the individual's AGI is determined without regard to the IRA contribution deduction under section 219.

---

[2]For 2008 for individuals under age 50, $5,000 was generally the largest deductible amount for contributions to an IRA, before considering limitations. Sec. 219(b)(5)(A).

Furthermore, section 219(g)(2) and (3) requires the Court to look to the combined AGI of married taxpayers filing jointly and not to an individual spouse's AGI to determine the reduction or elimination of the IRA contribution deduction. See Felber v. Commissioner, T.C. Memo. 1992-418, aff'd without published opinion, 998 F.2d 1018 (8th Cir. 1993); see also Ho v. Commissioner, T.C. Memo. 2005-133.

Applying the above law to Xu's facts and circumstances, we begin with identifying the applicable dollar amount for 2008. Because Xu was an active participant in his employer's retirement plan and because he filed his Federal income tax return as married filing jointly, the applicable dollar amount limitation started at a combined adjusted gross income for joint filers of $85,000 and the deduction was completely phased out at a combined adjusted gross income of $105,000. See Rev. Proc. 2007-66, sec. 3.22, 2007-2 C.B. 970, 975.

Xu and Cai reported a combined total income of $119,616 on their 2008 joint Federal income tax return. After adjustment for the $66 penalty on early withdrawal of savings, their applicable modified AGI was $119,550.[3] Accordingly, because their 2008 modified AGI of $119,550 exceeded the 2008

---

[3]The determination of petitioners' modified AGI is made without regard to the IRA contribution deduction allowable under sec. 219. See sec. 219(g)(3)(A).

phaseout ceiling of $105,000, Xu and Cai are not entitled to a deduction for any of Xu's $5,000 contribution to his IRA for 2008.

Xu does not dispute the above analysis. Xu contends, however, that Cai and he, "as a family", should nevertheless be entitled to the deduction. Xu contends specifically that they thought the law allowed them to contribute $5,000 to Xu's IRA but still claim the $5,000 deduction because they were married and because Xu named Cai as the 100 percent beneficiary of his IRA account.[4]

Xu contends further that they made a mistake because they did not know the law regarding the timing to make a correction. Xu states or implies that respondent is partially to blame because he did not alert them to the mistake until he sent a letter dated March 29, 2010. Xu states that by that time, his IRA custodian told him, the deadline to make a correction for the 2008 IRA contribution had passed. Xu added that, in contrast, at that time he was able to successfully make the correction for 2009, which is not at issue here.

We begin with Xu's main contention that an IRA contribution may be deductible if the recipient account has the spouse as an account beneficiary instead

---

[4]In a moot point that would not affect the outcome of this case, Xu alleges, but has not established, that Cai was not an active participant in a retirement plan of her employer for 2008 and was therefore eligible for her own $5,000 IRA contribution deduction.

of as the account owner. We acknowledge that the statute may initially seem ambiguous. The statutory term "'individual retirement account' means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries." Sec. 408(a) (emphasis added). Section 219(e)(1) and (2), however, provides that

> The term 'qualified retirement contribution' means—
> (1) any amount paid in cash for the taxable year by or on behalf of an individual to an individual retirement plan for such individual's benefit, and
> (2) any amount contributed on behalf of any individual to a plan described in section 501(c)(18). [Emphasis added.]

Even if section 219(e)(1) and (2) is indeterminate regarding the beneficiary versus ownership requirement, the issue has been conclusively resolved by this Court. In Bunney v. Commissioner, 114 T.C. 259, 263 (2000), the Court declared that "[a]n account maintained jointly for a husband and wife would be created for the benefit of two individuals and would not meet" (emphasis added) the definition for an individual retirement account that section 408(a) requires. In Bunney v. Commissioner, 114 T.C. at 263, the Court cited Rodoni v. Commissioner, 105 T.C. 29, 33 (1995), which stated as follows the definitive interpretation of section 408(a):

> The inclusion of an individual's beneficiaries as persons who could receive potential benefits from an IRA appears to recognize that,

under some circumstances, certain IRA benefits may pass to others without jeopardizing the trust's qualification as an individual retirement account. However, as its name suggests, the essence of an IRA is that it is a retirement account created to provide retirement benefits to "an individual". [Fn. ref. omitted.]

Thus, in the current situation, for a contribution for Cai's benefit to be deductible, the recipient IRA would had to have been an IRA owned by Cai, not one owned by Xu with Cai merely the beneficiary.

With respect to Xu's other contentions, we point out the longstanding maxim that ignorance of the law is no excuse for failure to comply with it. See, e.g., United States v. Int'l Minerals & Chem. Corp., 402 U.S. 558, 563 (1971); Barlow v. United States, 32 U.S. 404, 411 (1833); Mayflower Inv. Co. v. Commissioner, 24 T.C. 729, 733 (1955), aff'd, 239 F.2d 624 (5th Cir. 1956); McGehee Family Clinic, P.A. v. Commissioner, T.C. Memo. 2010-202.

Further, regarding Xu's contention that respondent's actions or inactions were improper, we note that generally the Commissioner's determinations are presumed correct, and taxpayers bear the burden of proving that they are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions and credits are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Deputy v. du

Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers also bear the burden of substantiating the amount and purpose of any claimed deduction.[5]  See Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Finally, the deadline for making an IRA contribution on account of a taxable year is "not later than the time prescribed by law for filing the return for such taxable year (not including extensions thereof)."  Sec. 219(f)(3); Harris v. Commissioner, T.C. Memo. 1986-232.

In consequence of the above law, Xu never made a corrective transfer of his misdirected 2008 contribution into a separate IRA account under Cai's ownership. Even if he had completed a transfer, Xu's attempted correction date was well

---

[5]Under sec. 7491(a)(1), the burden of proof may shift from taxpayers to the Commissioner if taxpayers, in addition to satisfying other requirements, produce credible evidence with respect to any factual issue relevant to ascertaining their liabilities.  Xu has not alleged that sec. 7491(a) applies, nor has he introduced the requisite evidence to invoke that section.  Therefore, the burden of proof remains on Xu.

beyond the April 15, 2009,[6] deadline for making a correction, which was the due date for filing a 2008 Federal income tax return without extension.

In summary, because Xu was an active participant in a retirement plan at work, and because the couple's combined modified AGI was more than $105,000, they are not entitled to any deduction for the $5,000 Xu contributed to his IRA for 2008.  Xu's attempt at correction by trying to transfer the funds to Cai's account was unsuccessful and, in any event, too late.  Accordingly, the Court sustains respondent's determination disallowing all of Xu's claimed $5,000 IRA contribution deduction, and the Court sustains respondent's computational adjustments to the couple's miscellaneous itemized deductions and child tax credit resulting from the increase to AGI caused by the IRA contribution deduction disallowance.

To reflect the foregoing and petitioner's concessions,

Decision will be entered

for respondent.

_____

[6]Under sec. 6072(a), a Federal income tax return for individual calendar year taxpayers "shall be filed on or before the 15th day of April following the close of the calendar year".  See, e.g., sec. 301.7508A-1(f), Example (4), Proced. & Admin. Regs. ("a joint Form 1040, 'U.S. Individual Income Tax Return,' for the 2008 taxable year * * * is due on April 15, 2009").