143 T.C. No. 5

UNITED STATES TAX COURT

PARIMAL H. SHANKAR AND MALTI S. TRIVEDI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24414-12.                    Filed August 26, 2014.


        R disallowed Ps' deduction for contributions to their IRAs,
which Ps claim are deductible because the limitations on deductibility
either do not apply or are unconstitutional.  R also included in Ps'
gross income the value of an airline ticket that P-H received by
redeeming "thank you" award points that P-H claims he never
received.  R also redetermined Ps' alternative minimum tax.

        1.  <u>Held</u>:  Ps are not entitled to a deduction for IRA
contributions because P-W is an "active participant" in an employer-
sponsored retirement plan and Ps' combined modified adjusted gross
income is above the phaseout ceiling.

        2.  <u>Held</u>, <u>further</u>, Ps must include in their gross income the
value of the airline ticket received in redemption of "thank you"
award points.

        3.  <u>Held</u>, <u>further</u>, AMT to be redetermined.

Parimal H. Shankar and Malti S. Trivedi, pro sese.

Lydia A. Branche and Marco Franco, for respondent.

HALPERN, Judge: Respondent determined a deficiency of $563 in petitioners' 2009 Federal income tax. The deficiency resulted principally from respondent's making the following adjustments to petitioners' reported 2009 tax. Respondent increased petitioners' gross income by $668 on account of that amount's being reported by Citibank, N.A. (Citibank), as the value of 50,000 "Thank You Points" (thank you points) petitioner husband (Mr. Shankar) redeemed in 2009 to purchase an airline ticket. Respondent disallowed petitioners' deduction of $11,000 reflecting their contributions of that sum under a qualified retirement arrangement (IRA). Respondent disallowed the deduction because petitioners' modified adjusted gross income (modified AGI) for 2009 exceeded the statutorily imposed ceiling for such contributions. Respondent reduced petitioners' alternative minimum tax (AMT) from $2,775 to zero. Respondent did not explain that last adjustment. By amendment to answer, respondent increased his claim of a deficiency to $6,883 on account of his recomputation of petitioners' 2009 AMT.

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for 2009, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

## FINDINGS OF FACT

Introduction

Petitioners, husband and wife, resided in New Jersey when they filed the petition.

Petitioners' Reported Income and Tax Return

For 2009, petitioners filed a joint Federal income tax return on Form 1040, U.S. Individual Income Tax Return.

During 2009, Mr. Shankar was a self-employed consultant who reported his self-employment income on Schedule C, Profit or Loss From Business, attached to the Form 1040.

During 2009, petitioner wife (Ms. Trivedi) was employed by University Group Medical Associates, PC (Associates). In addition to paying her a taxable salary, which she reported, Associates made contributions on her behalf to an annuity purchase plan described in section 403(b), which she was not required to

report as an item of gross income. Ms. Trivedi also earned self-employment income, which she reported on a second Schedule C attached to the Form 1040.

Petitioners claimed a deduction of $11,000 for IRA contributions made in 2009.

They reported AGI of $243,729.

They also reported alternative minimum taxable income of $235,487 and AMT of $2,775.

Thank You Points

During 2009, Mr. Shankar banked at Citibank. Citibank reported to Mr. Shankar and to the Internal Revenue Service on a 2009 Form 1099-MISC, Miscellaneous Income, "Other income" of $668. Petitioners did not report the income shown on the 2009 Form 1099-MISC on the Form 1040. At trial, in order to show that the 2009 Form 1099-MISC properly and accurately reported the income shown thereon, respondent introduced into evidence as a business record the affidavit of Marilyn Kennedy, a duly authorized custodian of records for Citibank. Attached to the affidavit are documents and computer transcripts from Citibank showing that Mr. Shankar redeemed 50,000 thank you points on February 27, 2009, to purchase a restricted coach class airline ticket for travel in the lower 48 United States, Alaska, and Canada. Also attached to the affidavit is a

letter from Ms. Kennedy, in which she, as the custodian of records for Citibank, represents that the fair market value of the airline ticket was $668. Respondent provided the affidavit and attachments to petitioners on September 9, 2013. Trial in this case was held on December 2, 2013.

Respondent's Adjustments

Respondent's adjustments are as described above.

OPINION

I.    IRA Contribution Deduction

A.    Introduction

Respondent disallowed petitioners' claimed IRA contribution deduction because he believes that the $11,000 petitioners contributed is in excess of the amount allowed for such deductions by section 219(g) ("Limitation on deduction for active participants in certain pension plans."), described supra. At trial, Mr. Shankar did not dispute the application of section 219(g); he argued only that it is unconstitutional. On brief, he suggests that the section 219(g) limitation on the deductibility of contributions to an IRA is inapplicable because Ms. Trivedi was not an "active participant" in a qualified retirement plan.

B.     Section 219

In general, a taxpayer is entitled to deduct amounts that the taxpayer contributes to an IRA for the taxable year. See sec. 219(a). The deduction may not exceed the lesser of (1) the deductible amount, which was generally $5,000 for 2009, or (2) an amount equal to the compensation includible in the taxpayer's gross income for such taxable year. Sec. 219(b)(1), (5)(A). The $5,000 limitation is increased to $6,000 for a taxpayer who has attained the age of 50 before the close of the taxable year. See sec. 219(b)(5)(B).

The deductible amount allowed under section 219(a) may be further limited if the taxpayer or the taxpayer's spouse is "an active participant" during any part of the year. Sec. 219(g)(1), (5). For purposes of section 219(g), an active participant means, among others, an individual who actively participates in an annuity contract described in section 403(b). See sec. 219(g)(5)(A)(iv).

For a taxpayer who is an active participant and files a joint return, section 219(g)(2)(A)(ii) provides that the dollar amount of the allowable deduction under section 219(a) is phased out over a $20,000 range of AGI determined with certain modifications (i.e., modified AGI) beginning at the "applicable dollar amount." Section 219(g)(3)(A)(ii) provides, in part, that the individual's modified AGI is determined without regard to the IRA contribution deduction under section 219.

For 2009 the applicable dollar amount at which the phaseout begins for a married taxpayer filing a joint return is the taxpayers' combined modified AGI of $89,000.[1] Notice 2008-102, 2008-45 I.R.B. 1106. Consequently, for 2009 the IRA contribution deduction is completely phased out for a married taxpayer who is an active participant and who files a joint return when the taxpayers' combined modified AGI exceeds $109,000.

For a married taxpayer filing a joint return who is not an active participant but who is the spouse of an active participant, section 219(g)(7) provides that the dollar amount of the allowable deduction under section 219(a) is phased out over a $10,000 range of combined modified AGI beginning at the applicable dollar amount for such taxpayers. For 2009, the applicable dollar amount for such a taxpayer is $166,000. Notice 2008-102, 2008-45 I.R.B. at 1107. That provision results in a total disallowance of the deduction whenever the spouses' combined modified AGI exceeds $176,000.

---

[1] In applying the sec. 219(g) limitations, the Court will look to the combined modified AGI of married taxpayers filing jointly and not to an individual spouse's modified AGI to determine the reduction or elimination of the IRA contribution deduction. See, e.g., Ho v. Commissioner, T.C. Memo. 2005-133, 2005 WL 1314196, at *2; Wade v. Commissioner, T.C. Memo. 2001-114, 2001 WL 505210, at *2.

C.     Analysis and Conclusion

Petitioners' 2009 modified AGI was $255,397 (AGI of $243,729 plus (1) an addback of an $11,000 IRA contribution deduction and (2) $668 of unreported income, see infra).  Therefore, because (1) Ms. Trivedi was an active participant in a section 403(b) retirement plan provided to her by her employer as described under section 219(g)(5)(A)(iv), and (2) petitioners' 2009 combined modified AGI exceeds the section 219(g)(2) and (7) threshold and phaseout amounts, section 219(g) does apply to deny petitioners any 2009 deduction for contributions to an IRA.  Petitioners' statutory arguments to the contrary are without basis.

Petitioners additionally argue that section 219 is unconstitutional because it discriminates against self-employed individuals who contribute to IRAs by imposing restrictions on IRA contribution deductions that do not apply to tax benefits afforded to participants in other types of retirement plans.  Petitioners' argument is, essentially, that, because the statute treats individuals who file joint returns with active participants in a retirement plan differently from those who are not so described, the statute is discriminatory and, therefore, unconstitutional, presumably, in violation of the Equal Protection Clause.  It is unclear whether petitioners believe that the statute is unconstitutional because it discriminates against Ms. Trivedi, Mr. Shankar, or both.  If they are arguing that it discriminates

against Ms. Trivedi who is herself an active participant in a qualified retirement plan, this Court considered that exact argument in Guest v. Commissioner, 72 T.C. 768, 775-778 (1979), and rejected it. There we held that, because the classification in section 219(b)(2) that differentiated between active participants in retirement plans and nonparticipants in retirement plans did not involve a fundamental right or a suspect category, it was constitutional if the classification had a reasonable basis. Id. at 776. Examining the legislative history in enacting deductions for IRA contributions, we determined that the reasonable basis was Congress' intent to make available "'a special deduction for amounts set aside for retirement by employees who are not covered under a qualified plan * * *, a government plan, or a tax exempt organization annuity plan (sec. 403(b)).'" Id. at 773 (quoting H.R. Rept. No. 93-807, at 126 (1974), 1974-3 C.B. (Supp.) 236, 361).

If petitioners are arguing that the statute discriminates against Mr. Shankar, who is not himself an active participant but who is married to an active participant, we also disagree. Although it is not precisely the same issue we addressed in Guest, the framework for the analysis remains the same. The limitation on the deductibility of IRA contributions by one who files a joint return with an active participant in a qualified retirement plan does not involve a fundamental right or

suspect category and is, therefore, constitutional if the classification is reasonable and has a rational relationship to the purpose of the legislation. Keeler v. Commissioner, 70 T.C. 279, 285 (1978). In 1986, Congress reinstated restrictions on active participants contributing to IRAs that, in 1981, it had eliminated. See S. Rept. No. 99-313, at 542 (1986), 1986-3 C.B. (Vol. 3) 1, 542 (accompanying H.R. 3838, 99th Cong. (1985), enacted as the Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085). The Committee on Finance explained the reinstatement of the restrictions as follows:

> [M]any employees of tax-exempt organizations are permitted to make significant elective deferrals under tax-sheltered annuity programs. The committee believes that the wide availability of the option to make elective deferrals under cash or deferred arrangements and tax-sheltered annuities reduces the prior concern that individuals in employer-maintained plans should be able to save additional amounts for retirement on a discretionary basis. [Id.]

We deem it reasonable to extend the foregoing rationale as a basis for limiting or denying an IRA contribution deduction to an individual where his or her spouse is an active participant. Whether the individual or the spouse (or each) is an active participant, the economic family unit has the ability to save in a tax-favored manner as much as Congress thinks proper through active participation in an employer-sponsored plan (or plans) and to the extent IRA contribution deductions are allowed. Although petitioners find themselves on the "wrong" side of the line

Congress has drawn, they have not shown the slightest foundation for their constitutional attack on Congress' drawing of that line. Therefore, as in Guest, we reject petitioners' argument challenging the constitutionality of the deduction disallowance provision.

II.     Unreported Income

Respondent increased petitioners' gross income by $668 on account of that amount's being reported as "Other income" on the 2009 Form 1099-MISC. Petitioners deny receipt of the income shown on the 2009 Form 1099-MISC. In general, the taxpayer bears the burden of proving facts to support his assignments of error to the Commissioner's determination of a deficiency. See Rule 142(a). Pursuant to section 6201(d), however, if, in any court proceeding, a taxpayer asserts a reasonable dispute with respect to the income reported on an information return and the taxpayer has fully cooperated with the Commissioner, then the Commissioner has the burden of producing reasonable and probative information in addition to the information return.

Because respondent has by way of Ms. Kennedy's affidavit and its attachments provided reasonable and probative information in addition to the information reported on the 2009 Form 1099-MISC that, during 2009, Mr. Shankar received from Citibank other income of $668, we need not consider

whether he reasonably disputes that report or that he has fully cooperated with respondent. Respondent has carried any burden imposed on him by section 6201(d). Indeed, in carrying that burden, respondent has provided us with evidence in the form of Citibank records (i.e., computer transcripts) showing that, on February 27, 2009, Mr. Shankar redeemed 50,000 thank you points to purchase a restricted coach class airline ticket. Contradicting that evidence we have only Mr. Shankar's testimony that, in effect, he knows nothing about any thank you points and received no award. Petitioners had ample time between their receipt of the Citibank records on September 9, 2013, and the trial of this case on December 2, 2013, to investigate the information provided in the Citibank records and to show to us that it was in error. They did not do so. Ms. Trivedi did not appear at trial, so we do not have the benefit of her view of whether Mr. Shankar received the award. On balance, we give more weight to Citibank's records showing Mr. Shankar's receipt of an award than we do to his testimony to the contrary, and we find that he did in 2009 receive from Citibank in redemption of 50,000 thank you points a restricted coach class airline ticket. There are still the questions of whether receipt of the airline ticket constituted receipt of an item of gross income and, if so, its value.

Section 61(a) defines the term "gross income" to include "all income from whatever source derived". The term has been broadly interpreted. See, e.g., Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955) (gross income includes "instances of undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion"). We are not here dealing with the taxability of frequent flyer miles attributable to business or official travel, with respect to which the Commissioner stated in Announcement 2002-18, 2002-1 C.B. 621, he would not assert that a taxpayer has gross income because he received or used frequent flyer miles attributable to business travel. Petitioners have provided us with no information concerning the reason Citibank awarded Mr. Shankar thank you points. Mr. Shankar did not object when, at the start of the trial in this case, respondent's counsel answered in the affirmative the Court's question as to whether, besides the IRA contribution, the other item in dispute, i.e., "Other income", involved the omission from the Form 1040 of interest. Respondent's counsel added that the omitted income was a noncash award for opening a bank account. We proceed on the assumption that we are dealing here with a premium for making a deposit into, or maintaining a balance in, a bank account. In other words, something given in exchange for the use (deposit) of Mr. Shankar's money; i.e., something in the nature of interest. In general, the receipt of interest

constitutes the receipt of an item of gross income. See sec. 61(a)(4). Receipt of the airline ticket constituted receipt of an item of gross income, and petitioners have failed to show that it was worth any less than $668, which Citibank, which had purchased the ticket, said was its fair market value.[2] But cf. Turner v. Commissioner, T.C. Memo. 1954-38 (in which we determined that the "proper fair figure" to be included in the taxpayers' gross income on account of the taxpayer husband's winning steamship tickets on a radio quiz show was substantially less than the tickets' retail price because the tickets' value to the taxpayers was not equal to their retail cost). On account of Mr. Shankar's receipt of the airline ticket, petitioners omitted $668 of gross income from the Form 1040.

III.  Alternative Minimum Tax

Petitioners reported on the Form 1040 an AMT of $2,775. Without explanation, respondent reversed that tax as part of his adjustments. By amendment to answer, respondent avers that petitioners' 2009 AMT is $6,320. By raising a new matter, respondent has the burden of proving that his AMT adjustment is correct. See Rule 142(a)(1). Respondent explains that, in determining the deficiency in petitioners' 2009 Federal income tax, he made a

---

[2]Neither party has addressed, nor do we consider, whether award of the thank you points, itself, may have been the taxable event.

computational error in computing petitioners' AMT. Since petitioners reported a 2009 AMT and they have furnished no evidence to controvert respondent's explanation of his computational error, we are satisfied that they are liable for the AMT for 2009. We will enter decision under Rule 155. Any dispute as to the correct calculation of the AMT can be raised in the Rule 155 computation.

IV.    Conclusion

We sustain respondent's adjustments underlying his determination of a deficiency in tax.

Decision will be entered under

Rule 155.